UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVELYN MAHAR,

        Plaintiff,

                                         CASE NO. 14-CV-14344

v.                                       HONORABLE GEORGE CARAM STEEH

MORTGAGE ELECTRONIC
REGISTRATION SYS., INC,
et al.,

        Defendants.
_____/

## AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 4)

Plaintiff Evelyn Mahar filed this case in Oakland County Circuit Court on October 11, 2014, after her mortgage was foreclosed, seeking to have the Sheriff's Deed set aside to allow her a loan modification. Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), and Nationstar Mortgage LLC ("Nationstar") (collectively "defendants") removed this case on November 12, 2014, and Mahar did not object to removal. The matter is presently before the court on defendants' motion to dismiss. Mahar has not responded to the motion and the time period for doing so has expired. In her complaint, Mahar alleges wrongful foreclosure due to defendants' failure to follow the requirements of Mich. Comp. Laws § 600.3201 *et seq.*, breach of contract arising out of defendants' failure to fairly negotiate loss mitigation assistance, and fraudulent misrepresentation when defendants allegedly made false statements to her which caused her to refrain from challenging the foreclosure. This matter shall be decided on the briefs pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, defendants' motion shall be granted.

## I. Jurisdiction

As an initial matter, the court addresses where removal was proper in this case. The complaint also named Golden Mortgage Corporation ("Golden"), a defunct corporation since May 1, 2009, as a defendant. Golden is a Michigan corporation, and thus, if properly named as a defendant, would destroy diversity jurisdiction. While a dissolved corporation retains the ability to sue and be sued, once it finishes winding up its affairs, it loses those powers. *Flint Cold Storage v. Dep't of Treasury*, 285 Mich. App. 483, 498 (2009). While, at one time, Michigan used to adopt a bright line rule of three years for a corporation to wind up its affairs, the rule is now a "reasonable" time. *Id.* at 497. In a recent case, this court found that a reasonable period of time had expired where four plus years had passed since the corporation dissolved and there was no evidence that the dissolved corporation was still winding up its affairs. *Act 1 Group, Inc. v. Alternative Care Staffing, Inc.*, No. 13-CV-13397, 2013 WL 6191077, *2 (E.D. Mich. 2013). In this case, nearly five years have passed since Golden dissolved and the court has been presented with no evidence or even allegations that Golden is still winding up its affairs. Moreover, it appears that Golden was fraudulently joined as the allegations arise out of failed loan modification efforts in 2011 and 2013, years after Golden dissolved. Accordingly, defendants have met their burden of proving diversity jurisdiction exists, Golden shall be dismissed, and the court shall address the motion now before the court.

## II. Factual Background

On November 28, 2007, Mahar signed a promissory note, secured by a mortgage with MERS, as nominee for lender Golden. The mortgage was recorded on December 13, 2007. On March 18, 2013, MERS assigned the mortgage to Nationstar and the assignment was recorded on May 22, 2013. According to Mahar's complaint and affidavit, she

negotiated for a loan modification in 2011 and 2013. Nationstar initiated foreclosure by advertisement due to Mahar's default. On April 29, 2014, a sheriff's sale was held and Nationstar was the successful bidder for the property. The redemption period ended six months later, on October 29, 2014.

### III. Unopposed Motion

Defendant's motion to dismiss stands unopposed. In their reply, defendants argue that they are entitled to dismissal, not only on the merits addressed in their opening brief, but also because Mahar failed to respond to their motion. The court cannot grant a motion to dismiss simply because the plaintiff has failed to respond, but defendants must meet their burden on the merits. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Accordingly, the court shall examine defendants' motion to dismiss to ensure that they have discharged their burden.

### IV. Rule 12(b)(6) Dismissal Standard

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and

quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

### V. Analysis

Michigan law grants a mortgagor of residential property a statutory redemption period of six months. Mich. Comp. Laws § 600.3240(8). When the redemption period expires, the purchaser of the sheriff's deed is vested with "all right, title, and interest" in the property. Mich. Comp. Laws § 600.3236. In this case, the redemption period expired on October 29, 2014. At that time, Mahar's rights in the property were extinguished. Once the redemption period expires, the Michigan Court of Appeals has held that a plaintiff lacks standing to bring a claim. *Bryan v. JP Morgan Chase Bank*, 304 Mich. App. 708, 713-15 (2014). The Sixth Circuit, applying Michigan law, has held that once the redemption period has lapsed, in order to avoid dismissal, a plaintiff must come forward with a "clear showing of fraud, or irregularity" in the foreclosure proceedings. *Conlin v. Mortg. Elect. Reg. Sys.*, 714 F.3d 355, 360 (6th Cir. 2013) (quoting *Overton v. Mortg. Elec. Reg. Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009)).

Mahar has not pled any facts raising a plausible inference that defendants engaged in fraud or irregularity which would warrant setting aside the foreclosure sale. In order to justify setting aside a sheriff's sale, a defect must relate to the sale procedure itself. In addition, the borrower must demonstrate that as a result of the fraud or irregularity, the borrower's ability to maintain her interest in the subject property was prejudiced. *See Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 113, 115-16 (2012). Mahar has not filed any response to defendants' motion to dismiss, and has not set forth any allegations to

support a finding of fraud in the sale process that has prejudiced her ability to maintain her interest in the property.

The property was sold at a sheriff's sale on April 29, 2014. Mahar failed to redeem the property during the six month redemption period, and has also failed to demonstrate fraud or irregularity with the foreclosure process. Therefore, Nationstar is vested with "all right, title, and interest" that Mahar previously held in the property. Mahar lacks standing to challenge the validity of the foreclosure, or to ask the court to set aside the sheriff's sale.

## VI. Conclusion

For the reasons set forth above, defendant Golden is DISMISSED and the remaining defendants' motion to dismiss (Doc. 4) is GRANTED.

IT IS SO ORDERED.

Dated: March 26, 2015

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 26, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk